**GAUNTLETT & ASSOCIATES**
ATTORNEYS AT LAW

Our File Number:
10847.002

February 8, 2021

**VIA ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: ***Jason DeCesare v. Greenlight LLC,*** **U.S.D.C., SDNY, Case No. 17 cv-9548**

   • **REQUEST FOR PRE-MOTION CONFERENCE**

Dear Judge Ramos:

  In accordance with the Court's Individual Practice Rule I(A), Defendant Greenlight LLC requests a pre-motion conference for a motion to disqualify Plaintiff's counsel, Richard Liebowitz and his firm, Liebowitz Law Firm, and his agent, associate, or employee, James Freeman, from acting as plaintiff's counsel in this case.

  Richard Liebowitz of the Liebowitz Law Firm filed the copyright infringement complaint in this case on December 12, 2017, signing the complaint as "LIEBOWITZ LAW FIRM, PLLC By: /s/Richard Liebowitz." However, due to repeated instances of misconduct in numerous copyright cases, Mr. Liebowitz and his firm, the Liebowitz Law Firm PLLC ("LLF"), were referred to the Grievance Committee of the Southern District of New York on June 26, 2020. See *Usherson v. Bandshell Artist Mgmt*. No. 19-CV-6368 (JMF) 2020 U.S. Dist. LEXIS 112368* 80-81 (June 26, 2020, S.D.N.Y.). The Opinion and Order that Richard Liebowitz and the Liebowitz Law Firm were required to file in each of its cases was filed in this case on July 27, 2020 [see ECF 15, p. 55].

  The June 26, 2020 *Usherson* order further required Richard Liebowitz and the Liebowitz Law Firm, PLLC, to take certain additional actions in all cases, including this one: "Within thirty days of the date of this Opinion and Order, Mr. Liebowitz and his firm shall serve a copy of this Opinion and Order, either by email or by overnight courier, on every one of the firm's current clients and Mr. Liebowitz shall file a declaration attesting to such service on ECF" [ECF 15, p. 55]. However, a review of the docket in the *Usherson* case shows no evidence that Liebowitz and his law firm informed Plaintiff Jason DeCesare in this case (or any other client) of the *Usherson* Opinion and Order. Mr. Liebowitz appears not to have filed the required declaration of service at least as to Jason DeCesare.

  On November 30, 2020, the Grievance Committee of the Southern District of New York entered a further order in the *Usherson* case suspending Richard Liebowitz "from practicing law in the Southern District of New York." In addition, the Committee "further ordered that

271517_2.docx

18400 Von Karman, Suite 300, Irvine, California 92612 • Tel: (949) 553-1010 • Fax: (949) 553-2050 • www.gauntlettlaw.com

Respondent is commanded to desist and refrain from the practice of law in the Southern District of New York in any form, either as principal or agent, clerk or employee of another; that Respondent is forbidden to appear as an attorney or counselor-at-law before any judge or Court in the Southern District of New York…" See *Usherson v. Bandshell Artist Mgmt*. No. 19-CV-6368 (JMF) 2020 U.S. Dist. LEXIS 223208 * 11-12 (November 30, 2020, SDNY).

Regardless of the suspension order, on December 1, 2020, James Freeman, as an associate of the "LIEBOWITZ LAW FIRM, PLLC," filed a Notice of Appearance as counsel for plaintiff Jason DeCesare in this case. [ECF 17]. The Notice of Appearance listed James Freeman as counsel as part of the Liebowitz Law Firm, which was forbidden by the November 30 Order. I conferred repeatedly with James Freeman between December 1 and 8, 2020 objecting to his appearance in the DeCesare case but he refused to withdraw unless ordered by the Court.

There is no evidence that plaintiff Jason DeCesare consented to Mr. Freeman's representation separate from the representation of Richard Liebowitz and the Liebowitz Law Firm, even if Mr. DeCesare had been informed of the suspension order. However, there is no evidence that Mr. DeCesare has ever been informed of the Liebowitz suspension from practicing law in this court.

The November 30, 2020, SDNY Grievance Committee Order suspending Richard Liebowitz from the practice of law in this district specifically prohibited him from the practice of law "**in any form, either as principal or agent, clerk or employee of another**…" Yet it appears that Richard Liebowitz has not withdrawn as counsel and is still appearing as an attorney in this case, although seeking to conceal his active involvement by having his agent, employee or associate, James Freeman, file a Notice of Appearance on behalf of the Liebowitz Law Firm. Richard Liebowitz is apparently the "principal" of the law firm representing Jason DeCesare and practicing law in this case by having his agent, associate, or employee, James Freeman, act on behalf of the firm and under the direction and control of Richard Liebowitz.

The subterfuge of an agent or associate or employee of Richard Liebowitz claiming to represent the plaintiff in this case permits Richard Liebowitz to continue practicing law in this district and to control the case indirectly. Worse, this arrangement permits Richard Liebowitz to collect or share in fees from pursuit of this case. On information and belief, Richard Liebowitz and his firm have a contingent fee agreement with Jason DeCesare dating to 2017, and James Freeman has no separate representation agreement with Jason DeCesare. The Liebowitz Law Firm's website, https://liebowitzlawfirm.com/, prominently advertises that it handles every case on a contingent fee basis, claiming "NO FEE UNLESS WE WIN" The firm website also explicitly advertises that "Liebowitz Law Firm, PLLC, is a copyright practice founded by attorney, Richard Liebowitz … practicing on the cutting edge of … legal expertise." The firm website identifies and extols only a single attorney, Richard Liebowitz, as its founder, leader, and the person having "legal expertise."

The representation by Richard Liebowitz "in any form," or by anyone acting on his behalf or on behalf of the Liebowitz Law Firm is a violation of the November 30, 2020, SDNY Grievance Committee Order. Neither Richard Liebowitz nor James Freeman may appear in this case, or any case in the Southern District of New York, without violating the suspension order.

The New York State Bar Association Committee on Professional Ethics has issued an opinion that in analogous circumstances a partnership may not continue use of a partner's name or share income earned during the period of suspension. See Opinion #334-4/25/74(20-74) attached to this letter for convenience. The opinion states that the partnership may continue to represent a client of a suspended partner only if the client so elects, with knowledge of the suspension. It states that the suspension of a lawyer precludes him from engaging in "the practice of law in any form, either as principal or as agent, clerk or employee of another. (Judiciary Law, Sec. 90(2))." This is the language used in the SDNY suspension order concerning Richard Liebowitz and his firm.

A lawyer who has been suspended from practice must immediately wind up his relations with his clients. ABA Inf. 1162 (1970). The public should not be led to believe that he is a lawyer. ABA Inf. 1079 (1968). He may not receive remuneration for services performed during the period of his suspension by another attorney to whom his matters may be referred. (Appellate Division Rules of the First and Second Judicial Departments, 22 NYCRR Sections 603.14 and 692; N.Y. City 144 (1930)). He may not make use of or be identified with a law office. N.Y. City 144 (1930). He may not use the term "Attorney at Law," "Counselor at Law," or any similar identification at any location, or on his stationery or otherwise. N.Y. City 143 (1930); cf. N.Y. State 200 (1971); N.Y. State 236 (1972); EC 2-13. Mr. Freeman's Notice of Appearance includes the name, address, and phone number of the "Liebowitz Law Firm, PLLC." (11 Sunrise Plaza, Suite 305, Valley Stream, NY 11580; 516-233-1660), which the NY Ethics Committee opinion forbids, as do the ABA Rules.

The New York Ethics Committee opinion holds that a suspended attorney may not accept any new retainer or engage as attorney for another in any new case or legal matter of any nature. (Appellate Division Rules, supra.). To permit a partnership of which the suspended attorney was a member, to use the suspended attorney's name in any manner denied to the attorney himself, or to create an impression as to his status which the law, as well as the Code, seeks to prevent, would be to flout the very purpose of the enactment of measures intended to enforce adherence to the minimum standards set by the Disciplinary Rules. Mr. Freeman did this in his Notice of Appearance, as part of Mr. Liebowitz's firm which exclusively promotes Richard Liebowitz. As stated in ABA Inf. 1079 (1968) provides that "'Under no circumstances would it be … proper that he [the suspended attorney] receive any remuneration from [another attorney] for any suggestions that his clients be looked after by [another attorney]."

No evidence suggests that Mr. Freeman or Richard Liebowitz or the Liebowitz Law Firm has complied with the requirements of the suspension order, or New York ethics opinions, or ABA ethics opinions. Instead, Mr. Freeman's use of Mr. Liebowitz's name, firm's name, address, and phone number directly defies them all. Richard Liebowitz and James Freeman should be disqualified from acting as counsel for Jason DeCesare in this case. Greenlight LLC requests permission to file a disqualification motion.

        Very truly yours,

        /s/ James A. Lowe
        Attorney for Defendant, Greenlight LLC

271517_2.docx