*NEW YORK STATE BAR ASSOCIATION*

*Committee on Professional Ethics*

Opinion #334 - 4/25/74 (20-74)

Topic: Suspension from Practice: Effect on Partnership

Digest: Partnership may not continue use of partner's name or share income earned during period of his suspension. Partnership may continue to represent a client of suspended partner if the client so elects with knowledge of the suspension

Code: DR 3-101(A), 102(A) and 103(A); EC 2-13; Former Canon 33

QUESTION

If one partner in law office partnership is suspended from practice for 30 days, may that partnership, from the effective date of suspension until the suspended partner is duly reinstated:

(a) Retain the suspended partner's name in the firm name, on its firm letterhead, law office signs, law office shingles, any legal forms and papers, or any other printed designation, indicating that the suspended partner is a partner?

(b) Share with the suspended partner any of the firm's income?

(c) Retain clients of the suspended partner or accept new clients who attempt to contact the suspended partner for legal representation?

OPINION

The answers to the first two questions are in the negative and to the last question in the affirmative. The suspension of a lawyer precludes him from engaging in "the practice of law in any form, either as principal or as agent, clerk or employee of another." Judiciary Law, Sec. 90(2).

EC 2-13 provides:

"In order to void the possibility of misleading persons with whom he deals, a lawyer should be scrupulous in the representation of his professional status. He should not hold himself out as being a partner or associate of a law firm if he is not one in fact, and thus should not hold himself out as a partner or associate if he only shares offices with another lawyer."

DR 3-103(A) provides:

"A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law."

DR 3-101(A) provides:

"A lawyer shall not aid a non-lawyer in the unauthorized practice of law."

DR 3-102(A) provides in part:

"A lawyer or law firm shall not share legal fees with a non--lawyer..."

It is true that the Code employs the term "non-lawyer" and that there is a distinction between the technical legal status of a lawyer who has been disbarred and one who has been suspended from practice, but who technically may continue to be a "member of the Bar". In carrying forward the purposes of the Code, however, form must yield to substance and the meaning of a Rule must be

determined in the light of the ethical standard it is designed to maintain.

A lawyer who has been suspended from practice must immediately wind up his relations with his clients. ABA Inf. 1162 (1970). The public should not be led to believe that he is a lawyer. ABA Inf. 1079 (1968). He may receive compensation for professional services rendered by him up to the date of his suspension, but he may not receive remuneration for services performed during the period of his suspension by another attorney to whom his matters may be referred. See e.g. Appellate Division Rules of the First and Second Judicial Departments, 22 NYCRR Sections 603.14 and 692; N.Y. City 144 (1930). He may not make use of or be identified with a law office. N.Y. City 144 (1930). He may not use the term "Attorney at Law", "Counselor at Law", or any similar identification at any location, or on his stationery or otherwise. N.Y. City 143 (1930); cf. N.Y. State 200 (1971); N.Y. State 236 (1972); EC 2-13.   He may not accept any new retainer or engage as attorney for another in any new case or legal matter of any nature. See Appellate Division Rules, supra.

To permit a partnership of which he suspended attorney was a member to use the suspended attorney's name in any manner denied to the attorney himself, or to create an impression as to his status which the law, as well as the Code, seeks to prevent, would be to flout the very purpose of the enactment of measures intended to enforce adherence to the minimum standards set by the Disciplinary Rules.

Former Canon 33, from which DR 3-103 is derived, provided that "in the formation of partnerships for the practice of raw, no person should be admitted or held out as a practitioner or member who is not a member of the legal profession duly authorized to practice..." (emphasis added). One whose authority to practice has been suspended, is not "duly authorized to practice."  The term "non-lawyer" as used in DR 3-103 includes one who has been suspended from practice, and that it would be improper for a partnership to use his name in any manner described in the first question.

With reference to the second question, it would be impermissible, for the reasons assigned above, for the partnership to share with the suspended attorney any part of the firm's income that is attributable to services rendered during the period of his suspension.

As to the third question, it would not be improper for the partnership to retain clients of the suspended attorney or to accept new clients who attempt to contact him for legal representation, provided the status of the suspended attorney is made clear to them, and they voluntarily elect to be represented by the firm, and provided further that no referral fee be paid to the suspended attorney. As stated in ABA Inf. 1079 (1968):

"Under no circumstances would it be appropriate for him to refer business to you, and under no circumstances would it be proper that he receive any remuneration from you for any suggestions that his clients be looked after by you."

Subject to these qualifications, the firm may retain or accept such employment.

This opinion is intended to interpret the ethical obligations imposed in consequence of a suspension from practice, without regard to the length of the period of suspension.  It is recognized that, dependent upon the seriousness of the offense, the period of suspension may range from a period of days to a period of years. Restrictions that are necessary in case of a serious offense may appear unduly burdensome in a case of suspension for a period of days. That, however, is a matter for the court to consider in imposing a penalty. Judiciary Law, Section 90(2) provides that the order of suspension may, if justice so requires, limit the scope of its command.