# Liebowitz Law Firm, PLLC
### Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

---

February 10, 2021

**VIA ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *DeCesares v. Greenlight LLC,* 1:17-cv-09548 (ER)

Dear Judge Ramos:

This firm represents Plaintiff Jason Decesare ("Plaintiff") in the above-captioned case. We write in opposition to Defendant Greenlight LLC ("Defendant")'s motion for a pre-motion conference to disqualify Plaintiff's undersigned counsel of record, James H. Freeman. [Dkt. #18] For the following reasons, Defendant's motion should be denied.

**Point I.** **James H. Freeman is Plaintiff's Duly Authorized Attorney and Plaintiff has Been Timely Notified of Mr. Liebowitz's Suspension**

Defendant makes a litany of baseless factual allegations to support Defendant's motion, including that Plaintiff was never advised of Mr. Liebowitz's interim suspension from the practice of law in this District, and that Plaintiff never consented to Mr. Freeman's representation "separate from the representation of Richard Liebowitz." These allegations are false.

First, as per the sworn declaration of Plaintiff, field concurrently herewith, Plaintiff was advised of Mr. Liebowitz's suspension back on December 2, 2020. [Declaration of Jason DeCesare, dated February 10, 2021 ("DeCesare Declr.") ¶ 3]

Second, Plaintiff expressly authorizes Mr. Freeman to appear as his attorney in this case. [DeCesare Declr. ¶ 4]

Third, Plaintiff has not communicated with Mr. Liebowitz since the suspension went into effect. [DeCesare Declr. ¶ 5] Undersigned counsel also denies that Mr. Liebowitz is involved in litigating this matter. Thus, Defendant's false and unsubstantiated claim that Mr. Liebowitz exerts control over the litigation is demonstrably false. Defendant has failed to present any evidence in support of its accusations and is instead basing its claims on rank speculation.


Liebowitz Law Firm, PLLC



**Point II: The Grievance Committee's Order of Suspension is <u>Not</u> Directed to James Freeman or Liebowitz Law Firm, PLLC**

Defendant's motion is premised on a flawed interpretation of the Grievance Committee's amended order of suspension, dated November 30, 2020, attached hereto as <u>Exhibit A</u> (the "Suspension Order").

<u>First,</u> the Suspension Order is directed solely at Richard Liebowitz, not at Liebowitz Law Firm, PPLC or its associate attorneys.  Indeed, since the Suspension Order was entered on November 30, 2020, undersigned counsel (who remains in good standing) has appeared *without incident* in dozens of cases within this District as an associate of LLF.  This includes several appearances before this Court, as well as before the Honorable Katherine Polk Failla, the Chair of the Grievance Committee who signed the Suspension Order.

<u>Second</u>, Mr. Liebowitz continues to be a member of the New York State Bar in good standing and LLF continues to operate as a going business concern. Attached as <u>Exhibit B</u> is a true and correct copy of New York State's attorney detail report, accessed 2/10/21, showing that Mr. Liebowitz remains an active member of New York's 2d Appellate Division.  We are not aware of any caselaw, nor any rule of professional conduct, which would preclude Mr. Freeman from appearing as counsel of record for Plaintiff under the LLF name, particularly as Mr. Freeman has not been suspended from the practice of law and the firm remains in operation.

<u>Third</u>, Defendant has failed to provide the Court with any professional rule or caselaw which would warrant Mr. Freeman's disqualification.  Opinion #334 of the New York State Bar Association's Committee on Professional Ethics, which is cited by Defendant at Dkt. #18-1, expressly opines that "Partnership may continue to represent a client of suspended partner if the client so elects with knowledge of the suspension."  Here, Plaintiff has been notified of Mr. Liebowitz's suspension and has elected to proceed with Mr. Freeman and LLF as his counsel. [DeCesare Declr. ¶¶ 3-4]

**Point III: Defendant's Accusation that Mr. Liebowitz Has Received Renumeration in Connection with this Matter is Demonstrably False**

Defendant argues that Mr. Liebowitz has been compensated for his services in this matter.  Once again, this accusation is demonstrably false and based on nothing more than unbridled speculation. Since Defendant acknowledges that LLF works on a contingency fee basis, and since this case has not settled or been brought to final judgment, no proceeds have been generated via LLF's representation of Plaintiff.  Therefore, it is premature for Defendant to make such accusations as LLF has yet to receive any monies from Defendant.

In sum, Defendant has failed to show that Mr. Freeman's representation of Plaintiff is contrary to any professional rule or applicable caselaw.  Defendant has failed to show that Mr. Freeman's appearance in this case is unauthorized by Plaintiff, or that Plaintiff is otherwise unaware of Mr. Liebowitz's suspension.  Defendant has also failed to show that LLF must cease to operate in light of Mr. Liebowitz's interim suspension from this District, particularly where Mr. Liebowitz remains an attorney in good standing according to the New York State Bar.



      Based on the foregoing, Plaintiff respectfully requests that Defendant's motion to disqualify James H. Freeman as counsel for Plaintiff should be denied. Plaintiff has no objection to terminating Mr. Liebowitz as counsel of record.[1]

                                                Respectfully Submitted,

                                               **s/jameshfreeman/**
                                               James H. Freeman

                                               *Counsel for Plaintiff*

---

[1] Defendant's unfounded allegations that Mr. Liebowitz has violated Judge Furman's order in the matter of *Usherson v. Bandshell*, 2020 U.S. Dist. LEXIS 112368 (SDNY June 26, 2020) should be directed to Judge Furman. Mr. Liebowitz will then respond in due course via his attorneys.